## BRISCOE v. LINKHART et al.

No. 30393. June 16, 1942.

*126 P. 2d 981.*

Robson & Bassmann, of Claremore, and Justin Hinshaw, of Norman, for plaintiff in error.

Ben F. Williams, Thomas R. Benedum, and Homer Cowan, all of Norman, for defendants in error.

RILEY, J. The relation of the parties in this court being the same as in the trial court, they will be referred to herein in the same relation as plaintiff and defendants. Defendants are sister and brother.

This is an appeal from a judgment in favor of defendants rendered in an action to set aside a deed from defendant O. B. Linkhart to defendent Elsie M. Linkhart, as being in fraud of creditors. The property involved is an undivided one-half interest in 120 acres of land in Cleveland county, Okla.

Plaintiff sued defendant O. B. Linkart in Beckham county about June 11, 1937. By warranty deed dated March 30, 1936, acknowledged June 3, 1936, reciting a consideration of $1, filed for record in Cleveland county, June 14, 1937, there was conveyed the land in controversy to defendant Elsie M. Linkhart.

Judgment was entered in the suit in Beckham county on March 1, 1938.

As grounds for cancellation of the deed, plaintiff alleges that at the time of the conveyance O. B. Linkhart and his codefendant in the Beckham county suit were insolvent and unable to meet their obligations, and have ever since been insolvent; that the deed in question was not made for a just and valuable consideration, and was without any consideration whatsoever, and that the same was given for the sole and only purpose of hindering and delaying the creditors of O. B. Linkhart, and particularly plaintiff herein.

The defense is fair and valuable consideration, to wit: Indebtedness then owing defendant Elsie M. Linkhart by defendant O. B. Linkhart, for money loaned and advanced amounting to several thousand dollars, and that said deed was given in good faith in part payment of said indebtedness.

Trial of the issues so joined resulted in finding and judgment for defendants, and plaintiff appeals.

There are seven assignments of error. Assignments 5 and 6 go to alleged error

in admission of evidence, and alleged errors of law occurring at the trial. They are not briefed and are apparently abandoned and will be so treated. The remaining assignments all go to the question of sufficiency of the evidence and are presented together.

Plaintiff asserts that the normal and reasonable interpretation of the evidence forces the conclusion that the deed in question was given in bad faith and for the sole purpose of hindering, delaying, and preventing plaintiff from collecting his debt, and that no fair and valuable consideration was given for the deed.

There is ample evidence tending to prove that defendant Elsie M. Linkhart advanced considerable sums of money to defendant O. B. Linkhart, from 1913 to about 1928, under some sort of an oral agreement between defendant and two other sisters that O. B. Linkhart would invest the money under a sort of pool of assets, and each of the four would share in the profits. This agreement was terminated in 1928. The money so advanced was invested by O. B., and for a while considerable profits were realized, but later were lost. This money could hardly be considered as a loan, but there is abundant evidence that after 1928, down to about 1935, defendant Elsie M. Linkhart and another sister, Audrey, loaned defendant considerable sums of money. Letters were introduced in evidence requesting advance of money down to 1934 or early in 1935, and in 1934 one letter requested $200 or $300. Following that was a letter from defendant O. B. Linkhart acknowledging receipt of money and thanking defendant therefor. There is much evidence of loans from time to time ranging from $10 up. A few checks were produced showing same. Defendant Elsie M. Linkhart testified that she loaned O. B. Linkhart between $500 and $600 up until the time the deed was made. It is also in evidence that defendant O. B. Linkhart promised Elsie a deed to this undivided interest in the 120 acres of land some two years before the deed was actually delivered. There

was also evidence that O. B. Linkhart had deeded certain land in Pottawatomie county to the other sister, Audrey, in consideration of money loaned by her. In 1935, defendant, O. B., wrote Elsie offering to deed the land here in question if Elsie would allow him credit of $1,000 on what he owed her. This she agreed to do, and it was under this agreement that the deed was executed and sent to Cleveland county for record.

Plaintiff asserts that the fact that the deed was dated three months before it was acknowledged, and was filed for record about one year after it was acknowledged, shows bad faith and an intent to hinder and delay creditors. But this matter is fully explained by defendant O. B. Linkhart, in that he testified that he had promised to convey the land to his codefendant back in 1934 or 1935, in consideration of a credit of $1,000 on his indebtedness to her, but at that time he had the land mortgaged and it was necessary to pay off the mortgage before delivering the deed, and that he was unable to discharge the mortgage until a short time before the deed was filed for record. All the witnesses agreed that the value of the interest in the 120 acres of land was not to exceed $600.

There is ample evidence of indebtedness of defendant O. B. Linkhart to Elsie M. Linkhart of more than the fair value of the land so conveyed.

There was evidence of a fair and valuable consideration sufficient to sustain the transfer of the land from the brother to the sister. Avis v. Hopping, 184 Okla. 527, 88 P. 2d 622.

Under the record we cannot say that the judgment of the trial court is against the clear weight of the evidence.

Judgment affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. HURST and ARNOLD, JJ., absent.